IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| EFRAIN INOCENCIO VEGA,<br><br>Plaintiff,<br><br>vs.<br><br>BFS ASSET HOLDINGS LLC doing business as BUILDERS FIRSTSOURCE,<br><br>Defendants. | Case No. 23CV23997<br><br>COMPLAINT<br><br>(Workers' compensation discrimination)<br><br>**JURY TRIAL DEMANDED**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Amount claimed: $120,000<br><br>Filing fee under ORS 21.160(1)(c): $560.00 |

Plaintiff, by his attorney, alleges:

**CLAIM FOR RELIEF**
**(Workers' Compensation Discrimination – ORS §659A.040)**

1.

Plaintiff Efrain Inocencio Vega worked as a laborer for Builders FirstSource, located in Beaverton, Oregon.

2.

Defendant Builders FirstSource ("Builders"), is the assumed business name of BFS Asset Holdings LLC, a foreign limited liability company registered in the State of Oregon and

Page 1 - Complaint

Oregon Law Center
230 NE 2nd Ave, Suite F
Hillsboro, OR 97124
Fax (503) 640-9634

Exhibit 1 to Notice of Removal
Page 1 of 6

1 operates its principle place of business in Texas. At all times material to this claim, Defendant
2 employed more than 20 employees.

3                 3.

4     Defendant employed Mr. Inocencio Vega from approximately March 18, 2022 until
5 approximately August 5, 2022.

6                 4.

7     Mr. Inocencio Vega was referred to Builders by temporary staffing agency, Carter
8 Recruiting and Staffing ("Carter").

9                 5.

10     From March 18, 2022 to approximately June 25, 2022, Carter paid Mr. Inocencio
11 Vega $15.50 per hour for his work at Builders. From approximately June 25, 2022 until
12 approximately August 5, 2022, Carter paid Mr. Inocencio Vega $18.00 per hour for his work at
13 Builders. Mr. Inocencio Vega generally worked 50-55 hours per week.

14                 6.

15     Builders controlled Mr. Inocencio Vega's terms and conditions of employment,
16 including, but not limited to, deciding his schedule, assigning tasks, and supervising his day-to-
17 day work.

18                 7.

19     During the course of Mr. Inocencio Vega's employment, Dennis Holland ("Mr.
20 Holland") was the Operations Manager at Builders and had the authority to hire and fire Mr.
21 Inocencio Vega, and otherwise alter the terms and conditions of his employment.

22                 8.

23     Beginning in early June 2022, Mr. Holland told Mr. Inocencio Vega that he had
24 completed nearly 540 hours of work, and per company policy, he would be eligible for
25 promotion to regular, non-temporary employee as soon as he completed the requisite hours. Mr.
Holland told Mr. Inocencio Vega that upon promotion, his wage would be raised $22 per hour.

Page 2 - Complaint

Oregon Law Center
230 NE 2nd Ave, Suite F
Hillsboro, OR 97124
Fax (503) 640-9634

Exhibit 1 to Notice of Removal
Page 2 of 6

1  Mr. Inocencio Vega signed documents agreeing to the new wage, pending promotion, but
2  Defendant failed to provide Plaintiff a copy.

3                                    9.

4         On June 13, 2022, Mr. Inocencia Vega suffered an on-the-job injury to his shoulder
5  while working for Defendant. He immediately reported his workplace injury to Mr. Holland.

6                                    10.

7         On June 16, 2022, Mr. Inocencia Vega was treated for his injury and filed a claim
8  for workers' compensation benefits.

9                                    11.

10        On June 21, 2022, Mr. Inocencia Vega reported for work and was given a light duty
11 position filing paperwork.

12                                   12.

13        On June 28, 2022, Mr. Inocencia Vega was released for full duty and was moved
14 back to his previous position.

15                                   13.

16        A couple days later, Mr. Holland informed Mr. Inocencio Vega that Builders was
17 ready to promote him and asked him for documents to complete an I-9 form.

18                                   14.

19        Mr. Inocencio Vega provided Mr. Holland with documents that established identity
20 and work authorization.

21                                   15.

22        Mr. Holland told Mr. Inocencio Vega that he did not know if Builders could accept
23 the documents as proof of work authorization, but that he would forward them to the Human
24 Resources department.

25 ///

Page 3 - Complaint

Oregon Law Center
230 NE 2nd Ave, Suite F
Hillsboro, OR 97124
Fax (503) 640-9634

Exhibit 1 to Notice of Removal
Page 3 of 6

16.

Approximately two days later, on or around July 2, 2022, Mr. Holland told Mr. Inocencio Vega that Human Resources would not accept the documents. Mr. Inocencio Vega requested the phone number for Human Resources, but Mr. Holland refused to give it to him.

17.

Mr. Inocencio Vega continued to work until August 5, 2022 at the $18.00 per hour rate of pay. Following his shift that day, he received a call from Carter stating that Builders had terminated his employment. Mr. Incocencio Vega told Carter that Builders refused to accept his documents and Carter replied that Builders should have accepted them.

18.

Defendant discriminated and retaliated against Mr. Inocencio Vega when it altered the terms and conditions of his employment, failed to promote him, and subsequently terminated his employment due to Plaintiff's workplace injury and invocation of workers' compensation benefits. Defendant's conduct violated ORS 659A.040, is an unlawful employment practice, and caused Mr. Incocencio Vega to suffer economic and noneconomic damages.

19.

Defendant's unlawful employment actions against Mr. Inocencio Vega were motivated in substantial part by Mr. Inocencio Vega's report of a workplace injury and his invocation of rights pursuant to ORS 656 et seq.

20.

As a direct and proximate result of Defendant's actions, Mr. Inocencio Vega suffered, and continues to suffer economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

///

///

///

Page 4 - Complaint

Oregon Law Center
230 NE 2nd Ave, Suite F
Hillsboro, OR 97124
Fax (503) 640-9634

Exhibit 1 to Notice of Removal
Page 4 of 6

21.

Mr. Inocencio Vega secured new employment on approximately August 9, 2022. His starting wage was $16 per hour and his wage was raised to $18 per hour on approximately January 1, 2023. He works approximately 36 hours per week.

22.

Upon information and belief, Mr. Inocencio Vega would have earned a gross salary of approximately $67,375 excluding potential wage raises, had he been promoted to permanent employee at Builders on July 2, 2022.

23.

Plaintiff's economic damages are continuing in nature and are not presently known, but for the purpose of ORCP 18, Mr. Inocencio Vega's economic damages are not expected to exceed $70,000. Plaintiff will amend this amount prior to or during trial, as the evidence requires.

24.

As a result of Defendant's discriminatory conduct, Mr. Inocencio Vega has suffered and continues to suffer emotional distress and non-economic damages in an amount not to exceed $50,000. Plaintiff will amend this amount prior to or during trial, as the evidence requires.

25.

Pursuant to ORS 659A.885, Mr. Inocencio Vega is entitled to reinstatement.

26.

Pursuant to ORS 659A.885 and ORS 20.107, Mr. Inocencio Vega is entitled to recover reasonable attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant as follows:

Page 5 - Complaint

Oregon Law Center
230 NE 2nd Ave, Suite F
Hillsboro, OR 97124
Fax (503) 640-9634

Exhibit 1 to Notice of Removal
Page 5 of 6

1    1.    Compensation for Mr. Inocencio Vega's economic damages in a just
2 amount as determined by a jury not to exceed $70,000 pursuant to §ORS 659A.885(1);
3    2.    Compensation for Mr. Inocencio Vega's non-economic damages in a just
4 amount as determined by a jury not to exceed $50,000 pursuant to ORS §659A.885(3);
5    3.    Reinstatement pursuant to §ORS 659A.885(1).
6    4.    His costs and reasonable attorney fees pursuant to ORS §859A.885;
7    5.    Prejudgment and post-judgment interest on all amounts due to plaintiff as
8 a result of this action pursuant to ORS 82.010(1); and
9    6.    Such further or alternative relief in his favor as the court deems
10 appropriate.

11

12 Dated this 14 day of June, 2023

13                    Oregon Law Center

14
15                     /s/ Cassandra Blake
                    Cassandra Blake, OSB #193336
16                    David Henretty, OSB #031870
                    230 NE 2nd Ave
17                    Suite F
                    Hillsboro, OR 97124
18                    Tel: (503) 640-4115
                    Fax: (503) 640-9634
19                    Of Attorneys for Plaintiff
20                    cblake@oregonlawcenter.org
                    dhenretty@oregonlawcenter.org
21
                    Trial Attorney: Cassandra Blake
22

23

24

25

Page 6 - Complaint                                              Oregon Law Center
                                                         230 NE 2nd Ave, Suite F
                                                         Hillsboro, OR 97124
                                                         Fax (503) 640-9634

Exhibit 1 to Notice of Removal
Page 6 of 6